UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
IN ADMIRALTY

CASE NO. _____

STEVEN BACON,

      Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line and alleges:

### PRELIMINARY ALLEGATIONS

1.  The Plaintiff, STEVEN BACON, is a citizen of Florida.

2.  Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line (hereinafter "DISNEY") is a foreign corporation incorporated in London, England which has its worldwide headquarters and principal place of business in Celebration, Florida.

3.  This action is being filed in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because Disney unilaterally inserts a forum clause into its cruise tickets that requires its passengers

to file cruise-related suits in this Federal District and Division. Further, this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state; and/or

   f. Issued a cruise line ticket to the Plaintiff that requires that suit be brought in this Court against the named Defendant in this action.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, *Disney Wish*.

8. At all times material hereto, Defendant had exclusive custody and control of the vessel, *Disney Wish*.

9. On or about June 2, 2024, the Plaintiff was a paying passenger aboard the *Disney Wish*, which at all times material was in navigable waters.

10. On or about June 2, 2024, the Plaintiff was walking in the 1923 Restaurant on Deck 3 when he slipped and fell on an unreasonably wet, slippery substance and, as a result, sustained severe injuries including, but not limited to, a left fibula fracture.

11. The slipping hazard was not open and obvious. The Plaintiff had no way of knowing the existence of the hazardous condition or the unsafe flooring condition. In light of the floor coloring, material, design, shine, and polished finishing which easily conceals wet spots, the Plaintiff was unable to discern whether the floor was wet or dry before his fall. As such, the Plaintiff was unable to prevent his incident.

12. The Defendant knew of the dangerous conditions aboard the *Disney Wish* which caused Plaintiff's incident as a result of prior slip and fall incidents including, but not limited to, an incident involving another passenger who slipped and fell in substantially similar circumstances on or about October 27, 2019, on a wet, slippery substance and/or hazardous flooring condition aboard the *Disney Fantasy*. *See, e.g., Furia v. Magical Cruise Company, Ltd.,* Case No. 20-cv-00604-CEM (M.D.F.L. 2020).

## COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

13. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

14. At all times material hereto, it was the non-delegable duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are reasonably expected to be.

15. On or about June 2, 2024, Plaintiff was on Deck 3, which is a place that Defendant reasonably expected Plaintiff to be in during the cruise.

16. On or about June 2, 2024, Defendant through its crew, agents, employees, staff or representatives breached its duty to warn Plaintiff in one or more of the following ways:

    a. Failure to warn of the unreasonably slippery substance and/or hazardous flooring condition of the subject area;

    b. Failure to warn of the hazard(s) posed to passengers, including the Plaintiff, due to improper and/or inadequate maintenance and/or inspection of the subject area;

    c. Failure to warn that the flooring surface becomes unreasonably hazardous and/or slippery when wet;

    d. Failure to warn of other accidents previously occurring on same area and/or type of flooring surface under substantially similar circumstances;

    e. Failure to verbally warn and/or place warning signs on or around the unreasonably slippery substance and/or hazardous flooring surface in the subject area;

    f. Failure to block off or place a caution sign so as to warn passengers including Plaintiff of the unreasonably slippery substance and/or hazardous flooring surface in the subject area; and/or

    g. Failure to warn passengers, including the Plaintiff, of the dangerous condition.

Lipcon, Margulies & Winkleman, P.A.

17. The above acts and/or omissions caused or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant adequately warned the foregoing to the Plaintiff.

18. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not warn about them.  Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar slipping hazard aboard its vessels, including the subject vessel. Alternatively, the foregoing hazardous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. Additionally, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident because of a prior incident involving another passenger who slipped and fell on or about October 27, 2019, on a wet, slippery substance and/or hazardous flooring condition aboard the *Disney Fantasy*.  *See, e.g., Furia v. Magical Cruise Company, Ltd.,* Case No. 20-cv-00604-CEM (M.D.F.L. 2020).

19.    As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap.  The

injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a jury pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333 or, alternatively, an advisory jury under Federal Rule of Civil Procedure 39.

## COUNT II – NEGLIGENT MAINTENANCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

20.    At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

21. At all times material hereto, it was the non-delegable duty of Defendant to maintain its decks and walkways in a reasonably safe condition.

22.    On or about June 2, 2024, Defendant through its crew, agents, employees, staff or representatives, who were acting in the course and scope of their employment or agency with the Defendant, breached its duty in one or more of the following ways:

    a.  Failure to maintain the subject area in clean and dry manner so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

    b.  Failure to maintain a reasonably safe walking area so that passengers, including the Plaintiff, had were reasonably safe aboard the vessel;

     c.  Failure to maintain slip resistant materials and/or non-skid strips in the subject area;

     d.  Failure to adequately and regularly inspect the subject area to maintain it free of slippery and hazardous conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel; and/or

     e.  Failure to adequately and regularly inspect the subject area for unsafe flooring conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel.

23. The above acts and/or omissions caused or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and maintain the subject area.

24.    At all times material hereto, the subject area was not adequately maintained or inspected so that passengers, including the Plaintiff, could use it in a reasonably safe manner, thereby creating a dangerous and hazardous condition.

25. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not adequately maintain the subject area. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning and inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar slipping hazard aboard its vessels, including the subject vessel.  Alternatively, the foregoing hazardous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and adequately maintained the subject area. Additionally, Defendant knew of the foregoing dangerous conditions

causing Plaintiff's incident because of a prior incident involving another passenger who slipped and fell on or about October 27, 2019, on a wet, slippery substance and/or hazardous flooring condition aboard the *Disney Fantasy*. *See, e.g., Furia v. Magical Cruise Company, Ltd.,* Case No. 20-cv-00604-CEM (M.D.F.L. 2020).

26.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a jury pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333 or, alternatively, an advisory jury under Federal Rule of Civil Procedure 39.

### COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

27.At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

28.     At all times material, Defendant through its crew, agents, employees,

LIPCON, MARGULIES & WINKLEMAN, P.A.

staff or representatives, who were acting in the course and scope of their employment or agency with the Defendant, breached the duty of care owed to the Plaintiff in one or more of the following ways:

a. Failure to provide passengers, including Plaintiff, with a reasonably safe area to walk aboard the vessel;

b. Failure to provide proper and/or sufficient instructions to passengers so that passengers, including Plaintiff, had a reasonably safe area to walk aboard the vessel;

c. Failure to provide slip resistant materials and/or non-skid strips in light of the foot traffic given the anticipated purpose of the subject area;

d. Failure to select and/or utilize reasonably safe cleaning supplies and/or substances so that the subject area aboard the vessel was reasonably safe for passengers like Plaintiff;

e. Failure to select and/or utilize reasonably safe flooring material, slip resistant materials and/or non-skid strips so that the subject area aboard the vessel was reasonably safe for passengers like Plaintiff;

f. Failure to adopt policies and procedures so that the subject area aboard the vessel was reasonably safe for passengers like Plaintiff;

g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of unreasonably slippery conditions and/or hazards where passengers like Plaintiff are expected to walk aboard the vessel;

h. Failure to promulgate and/or enforce adequate policies and procedures to ensure that verbal warnings or warnings signs are placed on or around the subject area where passengers like Plaintiff are expected to walk aboard the vessel and/or that such areas are blocked off;

i. Failure to test and/or adequately evaluate flooring conditions in light of the foot traffic given the purpose of the subject area; and/or

LIPCON, MARGULIES & WINKLEMAN, P.A.

      j.  Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident.

29.　　The above acts and/or omissions caused or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

30.　　At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not establish a reasonably safe walkway.  Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its cleaning, inspection, and supervision of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar slipping hazard aboard its vessels, including the subject vessel.  Alternatively, the foregoing hazardous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and eliminated the hazardous conditions. Additionally, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident because of a prior incident involving another passenger who slipped and fell on or about October 27, 2019, on a wet, slippery substance and/or hazardous flooring condition aboard the *Disney Fantasy.  See, e.g., Furia v. Magical Cruise Company, Ltd.,* Case No. 20-cv-00604-CEM (M.D.F.L. 2020).

31. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental

anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries and suffered physical handicap.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a jury pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333 or, alternatively, an advisory jury under Federal Rule of Civil Procedure 39.

Dated: May 20, 2025.

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd, Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:  */s/ Stefanie A. Black*
**STEFANIE A. BLACK**
Florida Bar No. 111903
sblack@lipcon.com